IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,            ) | |
|                                                              ) | |
|                       Plaintiff,            ) | |
|                                                              ) | 8:06CR402 |
|          vs.                                            ) | |
|                                                              ) | ORDER |
| JUAN PADILLA-MIRANDA,            ) | |
|                                                              ) | |
|                       Defendant.        ) | |

This matter is before the court on the defendant's motion [29] and amended motion [31] to continue the trial currently set for May 29, 2007. The matter was originally set to be tried on March 6, 2007. The defendant was then given a continuance to March 27. The government was then given a continuance to May 29. Defense counsel now advises that a continuance of the May 29 trial date is necessary because he "needs to prepare for oral arguments in Appellate Court." The date of the oral argument was not disclosed. Defense counsel further advises that he has a conflict for July 16-18, 2007. Given that information, the court's calendar can accommodate a continuance to June 19, 2007, which date does not appear to conflict with defense counsel's other commitments.

**IT IS ORDERED** that the Motions to Continue Trial [29] and [31] are granted, as follows:

1. The above-entitled case is scheduled for a jury trial before the Honorable Laurie Smith Camp, District Court Judge, to begin **Tuesday, June 19, 2007 at 9:00 a.m.** in Courtroom No. 2, Third Floor, Roman L. Hruska United States Courthouse, 111 South 18th Plaza, Omaha, Nebraska; because this is a criminal case, defendant(s) must be present in person. Counsel will receive more specific information regarding the order of trial from Judge Smith Camp's staff.

2. In accordance with 18 U.S.C. § 3161(h)(8)(A), I find that the ends of justice will be served by granting such motion and outweigh the interests of the public and the defendant in a speedy trial. The additional time arising as a result of the granting of the motion, i.e., the time between **May 29, 2007 and June 19, 2007**, shall be deemed excludable time in any computation of time under the requirement of the Speedy Trial Act, 18 U.S.C. § 3161 because counsel require more time to effectively prepare the case, taking into account the exercise of due diligence. The failure to grant additional time might result in a miscarriage of justice. 18 U.S.C. § 3161(h)(8)(A) & (B).

**DATED May 16, 2007.**

BY THE COURT:

s/ F.A. Gossett
**United States Magistrate Judge**