IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO: 8:06CR402 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | |
| | ) | MEMORANDUM AND ORDER |
| JUAN PADILLA-MIRANDA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Filing No. 72), as well as the Defendant's Motion for the District Court to Entertain the Pending § 2255 Motion (Filing No. 73). Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

**FACTUAL BACKGROUND**

The Defendant, Juan Padilla-Miranda, pleaded guilty to Counts III and IV of the Indictment charging him with possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1) (Count III) and criminal forfeiture in violation of 21 U.S.C. § 853 (Count IV). (Filing No. 51.) On December 3, 2007, this Court sentenced Padilla-Miranda to 57 months imprisonment and 4 years supervised release. (Filing No. 66.) A direct appeal was not filed.

In his § 2255 motion, Padilla-Miranda asserts in three claims that he received ineffective assistance of counsel, arguing that his attorney failed to: file a timely notice of appeal; file objections to the presentence investigation report ("PSR") and/or object to the absence of a role adjustment; and file a motion to suppress the evidence the government seized when it searched his house.

## DISCUSSION

### INEFFECTIVE ASSISTANCE OF COUNSEL

In order to demonstrate ineffective assistance of counsel, Padilla-Miranda must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984). The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the type of counsel guaranteed by the Sixth Amendment. *Id.* at 687-89. The prejudice prong requires a showing that seriously deficient performance of counsel prejudiced the defense. *Id.* at 687.

### *Notice of Appeal*

Padilla-Miranda bases his first claim for ineffective assistance of counsel on allegations that he asked his attorney to file a notice of appeal to the Eighth Circuit Court of Appeals and his attorney failed to so. (Filing No. 72, Affidavit of Juan Padilla-Miranda, at 23-24). The United States Supreme Court has "long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). Because

such conduct falls below the *Strickland* "objective standard of reasonableness," it does not plainly appear from the record that the Defendant is not entitled to relief.

Therefore, the United States is required to answer this claim.

**Role Adjustment**

In his § 2255 motion, Padilla-Miranda contends that his attorney was ineffective because he failed to file a motion for a sentence reduction based on the Defendant's minor role in the criminal activity, or in the alternative, because his attorney did not object to the PSR that did not include a role reduction. Paragraph 6(b) of the Defendant's Plea Agreement states that the "parties ha[d] no agreement concerning the Defendant's role in the offense" and the "issue remain[ed] to be resolved at sentencing." (Filing No. 51). As a result, it does not plainly appear from the record that the Defendant is not entitled to relief.

Therefore, the United States is required to answer this claim.

*Suppression Motion*

Padilla-Miranda also asserts that his attorney was ineffective because he did not file a motion to suppress the evidence the government seized while searching his house. The Eighth Circuit Court of Appeals has held that under certain circumstances, an attorney's failure to file a pretrial motion to suppress evidence falls below *Strickland's* objective standard of reasonableness. *See Brown v. United States*, 656 F.2d 361, 363 (8th Cir. 1981) ("[T]he defense attorney's failure to file a motion to suppress and to object to the admission of certain evidence seized as a result of an allegedly unlawful investigatory stop was a breach of the duty to act as a reasonably competent attorney.").

3

This Court concludes that it is not clear from the record that the Defendant is not entitled to relief on his third claim. Therefore, the United States is required to answer this claim.

## CONCLUSION

Under the appropriate standard, summary dismissal of the § 2255 motion is not required. The government must answer each claim, and the Defendant may respond.

IT IS ORDERED:

1. The Court has completed the initial review of the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion") (Filing No.72);

2. Upon initial review, the Court finds that summary dismissal of the Defendant's § 2255 motion is not required;

3. On or before March 16, 2009, the United States must file an Answer to all three of Defendant's claims and support its Answer with a brief;

4. On or before April 16, 2009, the Defendant may file a responsive brief addressing the government's Answer;

5. Defendant's Motion for the District Court to Entertain the Pending § 2255 Motion (Filing No. 73) is denied as moot;

6. The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address; and

7. The Clerk is directed to send a copy of this Memorandum and Order to the Eighth Circuit Court of Appeals.

DATED this 13th day of February, 2009.

                                      BY THE COURT:

                                      S/Laurie Smith Camp
                                      United States District Judge